**No. 65416.**—Bunge Corporation *v.* United States, protests 58/24218, 58/24219, and 58/24220 (New York).

RICHARDSON, Judge: When these three protests were called on the New York calendar, they were consolidated, and defendant moved that they be dismissed on the ground that plaintiff has had its day in court; that it is merely seeking a redetermination of value which it had an opportunity to do when it filed its appeals to reappraisement and later abandoned.

Decision on the motion was reserved. Counsel for the parties requested and were granted an opportunity to file briefs.

The merchandise involved in the 11 entries in these 3 consolidated protests is wool hooked rugs, imported from Japan in 1951, on which the rate of duty is 40 per centum if valued at more than 40 cents per square foot and 15 per centum if valued at not more than 40 cents per square foot. The entered rate of duty on 4 of the consumption entries of the 11 entries, 842590, 842740, 842741, and 842742, was 15 per centum and, in the remaining 7 entries, it was 40 per centum, but in all the entries, under duress, the entered unit value of the merchandise was 45 cents per square foot, either by original entry or by amendment. The merchandise was classified as all other floor coverings, not specially provided for, under paragraph 1117(c) of the Tariff Act of 1930, as amended, and the rugs were appraised at above 40 cents per square foot, with the duty imposed being 40 per centum ad valorem.

Plaintiff claims the following as clerical errors or mistakes of fact entitling it to relief under section 520(c)(1):

1. The action of the employee of the importer in entering the 11 entries at a unit value of 45 cents per square foot, instead of the invoiced unit value of 39 cents per square foot.

2. The action of the entry clerk at the customhouse in accepting four of the entries with payment of duty at the rate of 15 per centum ad valorem, when the entered unit value called for duty at the rate of 40 per centum ad valorem.

3. The failure of the collector to check item 2 on his notice of appraisement, which informs the importer that "A change in the classification of the merchandise has resulted from the appraiser's determination of value," in the case of the four entries referred to in the preceding paragraph 2.

In September 1951, the notices of appraisement were mailed to the plaintiff. The notices recite that they are "given for the reason checked below:

☐ The (appraised) or (reappraised) value exceeds the entered value.

☐ A change in the classification of the merchandise has resulted from the appraiser's determination of value.

☒ The merchandise was entered with additions to meet advances made by the appraiser upon previous importations then pending on appeal for reappraisement or re-reappraisement. (Sec. 503, Tariff Act of 1930.)"

Plaintiff filed its appeals to reappraisement in September and October 1951, referring to the merchandise as "entered with additions to meet advances made by the appraiser upon previous importations then pending on appeal for reappraisement or re-reappraisement (Sec. 503 of the Tariff Act of 1930)," a so-called "duress entry."

The appeals to reappraisement were placed on the court calendar in May 1956 under "Inland Freight." They were abandoned prior to the call of the calendar, and an order was entered dismissing the appeals to reappraisement. In August and September 1956, the entries were liquidated. September 11, 1956 (more than 3 months from the entry of the order of dismissal), plaintiff filed a motion, supported by an affidavit, to set aside the abandonments and dismissals. Counsel for plaintiff now states that he believes this motion to reinstate the appeals to reappraisement was filed inadvertently, since 28 U.S.C.A., section 2640, requires such motions to be made within 30 days after a decision. On September 14, 1956, the motion to set aside the abandonments and dismissals was granted, and the cases were set for rehearing in April 1957. The effectiveness of this order may be open to question, in view of the requirements of 28 U.S.C.A., section 2640.

April 15, 1957, plaintiff abandoned the appeals to reappraisement a second time. May 14, 1957, plaintiff filed a motion to set aside the abandonments and reinstate the appeals, stating, in his supporting affidavit, that a case involving inland freight had been set for rehearing and that plaintiff's cases were suspensible under it. July 17, 1957, the motion to vacate the second abandonments and restore the appeals to reappraisement to the calendar a third time was denied. August 29, 1957, an order was entered dismissing the appeals.

In August and September 1956, plaintiff filed these protests with the collector of customs, contending that the liquidations of these entries are illegal, null, and void, in that they were based on the wrong export value; that the value should have been 39½ cents per square foot instead of 45 cents per square foot; that the value found was due to a clerical error, mistake of fact, or other inadvertence which may be corrected by proceedings permissible under 19 U.S.C.A., section 1520(c)(1), as amended (section 520(c)(1) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1953).

November 24, 1958, the collector took the position that the appraisements were binding and final on all parties, by virtue of section 501 of the Tariff Act of 1930, since the importer had not availed itself of the remedy provided therein in timely fashion, and that the protests were seeking to question value collaterally under section 514, which cannot be done.

With respect to the four entries covering merchandise which was originally entered at the 15 per centum rate, plaintiff, by amendment to the protests, added the further claim that the liquidations are null and void, having been based upon a null and void appraisement, in that the proper notice of appraisement was not given in accordance with section 501 of the Tariff Act of 1930, as amended; that is, that the appraiser's determination of value wrought a change in the classification of the merchandise and box ☐ number 2 on the notice of appraisement should have been checked as well as box ☐ number 3.

While the Customs Court does not have a rule similar to rule 41 of the Federal Rules of Civil Procedure, which states that a second notice of dismissal by a plaintiff operates as an adjudication upon the merits, it is felt that plaintiff has worked itself into a similar position by having filed its appeals to reappraisement, abandoned them on two occasions, and the time within which they might have been reinstated having expired. When plaintiff filed its appeals to reappraisement, it had an opportunity to raise and pursue every claim for relief that was available to it and which with reasonable diligence might have been presented, including the question of proper notice. *Joseph Fischer* v. *United States*, 38 C.C.P.A. (Customs) 143, C.A.D. 452. Its appeals to reappraisement were dismissed, pursuant to its own action (abandonment), and it allowed the time within which it could have reinstated its appeals to expire. It is here seeking to accomplish by indirection what it is barred by its own action from doing directly—that is, question value. Plaintiff's claim of clerical error is, in effect, an appeal for reappraisement of the export value of the merchandise herein. It contends that the merchandise should have been appraised at a value of under 40 cents per square foot, thus rendering it dutiable at 15 per centum ad valorem, rather than at the appraised value of 45 cents per square foot, which takes the 40 per centum rate. It has had its day in court on this issue and any others that were open to it during the time permitted it under the statute and rules of the Customs Court for an appeal to reappraisement and reinstatement of an appeal to reappraisement after a dismissal.

The motion to dismiss these protests is granted.

CONCURRING OPINION

DONLON, Judge: It appears the parties believe that defendant has moved that these protests be dismissed. Certainly, there is no such motion in the record in usual form. The record (R. 12) contains the following statement by defendant's counsel:

Therefore, as we contend that the notice was sufficient and proper, therefore, the appraisement was proper and conclusive, and that plaintiff's claim under Section 520 should be dismissed.

Inasmuch as the parties submitted on this as a "motion," and my colleagues have accepted it as such, I proceed to decision on that basis. Counsel is admonished that something more than a statement of what "we contend" is better practice.

The issue defendant appears to raise is that the notices of appraisement which plaintiff received were sufficient and proper, and, therefore, the appraisement was "proper and conclusive," i.e., not void.

Plaintiff's protests, as originally filed, claimed that the liquidation of this merchandise was "illegal, null and void" because the value was entered at an

excessive figure due to clerical error (evidently the error was on the plaintiff's part) and that this is a situation such as section 520 contemplates. Section 520 is quoted *in extenso* in plaintiff's protests.

In open court, on trial, plaintiff's counsel made the following motion:

. . . I would now like to move to amend the protest to read that the liquidation is null and void, because based upon a null and void appraisement, in that notice of appraisement was not given, in accordance with Section 501 of the Tariff Act of 1930 as amended.

Section 501 requires that notice of appraisement shall be given if the appraised value is higher than the entered value or a change in the classification of the merchandise results from the Appraiser's determination of value; and also notice is usually given when requested by the importer.

It is our contention that on some of these entries the appraised value resulted in a higher rate of duty, increased from the entered rate of duty of 15 per cent to 40 per cent; and that the Customs Form 4301, notice of appraisement, should have indicated that the appraised value would result in a higher rate of duty. [R. 3, 4.]

Over defendant's objection, the court granted plaintiff's motion to amend the protests to "read" as the motion stated. Plaintiff did not seek to add a further protest claim to its original claim. It appears that the amended protest was intended by way of a substitute for the original protest claim, that is, plaintiff moved that the protests be amended *to read* as stated. I so construe the amendment.

The change is one from reliance on a theory that clerical error in the entry voids the appraisement, to a theory that failure to give notice of appraisement voids the appraisement when the appraised value is higher than the entered value or a "change" in duty classification results from the appraisement.

Plaintiff has amended out of its protests the original claim that related to section 520. It is not now before us. (Parenthetically, I observe that section 520 is applicable to cases where timely protest has *not* been filed; here, the protests were timely filed following liquidation. Section 520 seems not to have been enacted to enlarge the rights of plaintiffs who have duly filed section 514 protests, but to give procedural opportunities in certain cases to those who failed to raise the issue, as they might do, by timely protest.)

There is no doubt that notices of appraisement were given and received. There is no doubt that appraisement was at entered values. There seems little doubt, either, that values were entered under duress, or that plaintiff erroneously entered certain value figures. Certainly, it is clear that plaintiff duly appealed to reappraisement and had, as my colleagues point out, ample opportunity to litigate those appeals and failed to do so.

My decision does not lean on the fact of this neglected opportunity to pursue the appeals after filing. My decision here would be the same if plaintiff had permitted valuations to become final without ever filing appeals.

Plaintiff's case stands or falls on the sole issue whether the notices of appraisement were such notices as the law requires. If they were not, then the appraisements were void and there is no liquidation.

I hold that notices here were sufficient. Without deciding what is the required extent of notice in some situation that is not before us, I point out that the notices informed plaintiff of the sole change in value of which the appraiser knew, namely, the increase in accord with the duress entries. I see no reason to believe that appraisements are void because of errors importers make in their entries, errors which they could get corrected by prosecuting a timely appeal to reappraisement. Nor do I believe that the appraiser has any duty to advise importers of their own errors. I see nothing in section 501, or elsewhere in the statute, to suggest Congress intended that notice of change in duty classification

by reason of appraisement is other than notice of a change made by the appraiser in the importer's entry value. Here, there was no such change.

In my opinion, the protests should be overruled. However, I concur in granting the motion to dismiss.